RAWLS, Chief Judge.
Appellant, Leon C. Pugh, challenges his adjudication of guilty for the crime of murder in the second degree and his ensuing sentence of 23 years upon the primary ground that the trial judge failed to advise him, prior to accepting his plea of guilty, of his right to challenge the composition of the grand jury which returned the indictment of first degree murder.
The public defender representing Pugh has filed an Anders brief in which the facts surrounding the plea bargaining, which resulted in the lesser included offense of second degree murder being lodged, are set forth. These essential facts reflect that the trial judge held a full hearing prior to accepting appellant’s plea of guilty and during such hearing inquired at length as to appellant’s full understanding of the consequences of changing his plea of not guilty of first degree murder to that of guilty of murder in the second degree. During this hearing appellant, in response to questions propounded by the trial judge, testified that he was 50 years of age; had been married; suffered no mental deficiencies; possessed a first grade education but had been working in the church for the last 24 years and in that work he preached, taught, was able to read and understand the Bible; understood that he could be imprisoned in the state penitentiary for a period of time not exceeding 30 years; had talked with the public defender who had been appointed to represent him and that he had given him good service, had fully discussed the case with him, and the consequences of entering a plea of guilty had been explained to him; no promises or rewards were made to him in any manner for entering the subject plea; he was not under the influence of any alcohol or drugs; he understood that he had a right to trial by jury and was waiving that right if he pleaded guilty; and further that he comprehended that he had a right to be confronted by witnesses; and finally at one stage, in answer to the question as to whether he was guilty, the appellant responded, “Well, I’m guilty of committing the crime”.
The foregoing.is only a summary of the extensive questioning addressed to appellant by the trial judge in receiving a tender of the plea of guilty to second degree murder. At the conclusion of this hearing, the trial judge declined to accept the plea of guilty until after a full presentence investigation had been conducted; however, he did receive evidence from Pugh’s daughter and another eyewitness that appellant had, at approximately 1:45 p. m. on the streets of Jacksonville, Florida, without provocation shot his wife four times with a 32-caliber pistol which resulted in her death. At a subsequent hearing the trial court again considered appellant’s proffer to plead guilty to the offense of murder in the second degree and at this hearing accepted the plea. After considering the pre-sentence investigation and certain letters and other testimony offered on behalf of appellant for purposes of mitigating his sentence, the trial court imposed the sentence here sought to be reviewed.
As stated at the outset, the public defender, after reviewing the record, has failed to find any error. This court granted appellant the opportunity to file a pro se brief in which he relies upon the Fifth *732 Circuit Court of Appeals’ decision in Winters v. Cook (5th Cir. 1973) 466 F.2d 1393, for the proposition that he was deprived of his constitutional rights when he was not informed nor did he intelligently waive his right to challenge the composition of the grand jury which indicted him. It is our view that the recent decision of the Supreme Court of the United States in Tollett v. Henderson, 411 U.S. 258, 266, 269, 93 S.Ct. 1602, 1607, 1609, 36 L.Ed.2d 235, 243, 245 (1973), is controlling. The following excerpts from Tollett are applicable here:
“We hold that after a criminal defendant pleads guilty, on the advice of counsel, he is not automatically entitled to federal collateral relief on proof that the indicting grand jury was unconstitutionally selected. The focus of federal habeas inquiry is the nature of the advice and the voluntariness of the plea, not the existence as such of an antecedent constitutional infirmity. A state prisoner must, of course, prove that some constitutional infirmity occurred in the proceedings. But the inquiry does not end at that point, as the Court of Appeals apparently thought. If a prisoner pleads guilty on the advice of counsel, he must demonstrate that the advice was not ’within the range of competence demanded of attorneys in criminal cases,’ McMann v. Richardson, supra, 397 U.S. [759] at 771, 90 S.Ct. [1441] at 1449, 25 L.Ed.2d 763.
“. . . When a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea. He may only attack the voluntary and intelligent character of the guilty plea by showing that the advice he received from counsel was not within the standards set forth in McMann.
“A guilty plea, voluntarily and intelligently entered, may not be vacated because the defendant was not advised of every conceivable constitutional plea in abatement he might have to the charge, no matter how peripheral such a plea might be to the normal focus of counsel’s inquiry. . . .
“. . . A prospect of plea bargaining, the expectation or hope of a lesser sentence, or the convincing nature of the evidence against the accused are considerations that might well suggest the advisability of a guilty plea without elaborate consideration of whether pleas in abatement, such as unconstitutional grand jury selection procedures, might be factually supported.”
Our review of this record reflects without any contradiction that Pugh coldblood-edly and without provocation shot and killed his wife in broad daylight on the streets of Jacksonville on September 26, 1971. His able, appointed attorney was successful by plea bargaining in reducing the unrebutted crime of first degree murder to that of a lesser included offense of second degree murder and thus procured a 23-year sentence in lieu of a mandatory life sentence. The record reveals that appellant received faithful and conscientious representation by his lawyer, and, as stated by the Supreme Court in Tollett, supra, a defendant is not required to be advised of every conceivable constitutional plea in abatement in weighing the voluntariness of his plea. The extensive tender concern of the trial judge for this appellant’s constitutional rights prior to accepting the instant plea requires a rejection of appellant’s contention. We conclude that this appellant has been afforded every possible legal protection prior to voluntarily entering his plea of guilty to second degree murder.
Affirmed.
SPECTOR and JOHNSON, JJ., concur.